# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0021 | **DATE** | January 7, 2008 |
| **CASE TITLE** |  | Bridget Mechetner-Cesario (#L-74507) vs. Jennifer Witherspoon, et al. | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to begin making deductions and payments in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Lake County Jail. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#4] is granted. The court appoints Patrick J. Cullinan / Belgrade and O'Donnell, PC / 20 N. Wacker Drive, Suite 1900 / Chicago, Illinois 60606 / (312) 422 1700 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

    The plaintiff, an inmate at the Lake County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Lake County Jail, have violated the plaintiff's constitutional rights by retaliating against her for a previous lawsuit, by discriminating against her on the basis of her race, by disciplining her without due process, and by acting with deliberate indifference to her safety and medical needs.

    The plaintiff having shown that she is indigent, her motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff currently has a negative balance in her jail trust account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(1). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn:
**(CONTINUED)**

mjm

**STATEMENT  (continued)**

Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.  This payment obligation will follow the plaintiff in the event of her transfer to another correctional center.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action.  While a more fully developed record may belie the plaintiff's claims, it is not the case that she could prove "no set of facts" entitling her to relief.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

Because the plaintiff does not appear to have the wherewithal to prosecute this action and because some sixteen "John Does" will have to be identified and served, the plaintiff's motion for appointment of counsel is granted.  The court hereby appoints Patrick J. Cullinan / Belgrade and O'Donnell, PC / 20 N. Wacker Drive, Suite 1900 / Chicago, Illinois 60606 / (312) 422 1700 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.  If counsel is unable to file an amended complaint, he should so inform the court.

As a final concern, the court notes that the plaintiff made a material omission to the court.  The court's civil rights complaint form instructed Plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)."  (Complaint, p. 3, emphasis in original.)  The form goes on to direct, "IF YOU  HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS. . . . REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE."  (*Id.*)

Despite the court's admonition, Plaintiff noted only one prior federal case, failing to mention at least four others, including two in which "strikes" were assessed against her under 28 U.S.C. § 1915(g).  The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit."  *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Because the plaintiff's previous dismissals do not affect her eligibility to proceed *in forma pauperis* in this case, the court will grant the plaintiff the benefit of the doubt and assume that her omissions were due to accidental oversight.  Nevertheless, the plaintiff is cautioned that in signing court filings, she is representing that the statements she makes are true to the best of her knowledge.  *See* FED. R. CIV. P. 11.  Before submitting any motions or pleadings to the court, the plaintiff should therefore review the documents carefully to ensure that they are complete and accurate.  Future misrepresentations to the court could lead to the imposition of sanctions, including dismissal of this case.