**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIDGET MECHETNER – CESARIO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 08 CV 0021 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | Magistrate Judge Brown |
| CHIEF OF CORRECTIONS JENNIFER | ) | |
| WITHERSPOON, LIEUTENANT WARD, | ) | |
| OFFICER JENNIFER BUCKINGHAM, | ) | |
| OFFICER STOVALL, OFFICER KARAWITZ, | ) | |
| LIEUTENANT MARCADO, OFFICER | ) | |
| MITCHELL, OFFICER QUICK, SERGEANT | ) | |
| DAVIS, SERGEANT SMITH, ROXANNE | ) | |
| DOE, and JOHN DOE. | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, BRIDGET MECHETNER – CESARIO, by her attorneys, PATRICK J. CULLINAN and BELGRADE AND O'DONNELL, P.C., and, for her Amended Complaint against the Defendants, CHIEF OF CORRECTIONS JENNIFER WITHERSPOON, LIEUTENANT WARD, OFFICER JENNIFER BUCKINGHAM, OFFICER STOVALL, OFFICER KARAWITZ, LIEUTENANT MARCADO, OFFICER MITCHELL, OFFICER QUICK, SERGEANT DAVIS, SERGEANT SMITH, ROXANNE DOE and JOHN DOE, states as follows:

**Jurisdiction**

1.   Jurisdiction is conferred on this Court by existence of questions arising under a particular statute, to wit, 42 U.S.C. Section 1983.

## The Parties

2.  Plaintiff is an Illinois citizen. From August 30, 2007 through the filing of the instant Amended Complaint, Plaintiff has been incarcerated by the Lake County, Illinois Department of Corrections at its jail located in Waukegan, Lake County, Illinois ("the Lake County Jail").

3.  Defendant, CHIEF OF CORRECTIONS JENNIFER WITHERSPOON is employed by Lake County as the Chief of Corrections of the Lake County Jail.

4.  Upon information and belief, Defendants LIEUTENANT WARD, OFFICER JENNIFER BUCKINGHAM, OFFICER STOVALL, OFFICER KARAWITZ, LIEUTENANT MARCADO, OFFICER MITCHELL, OFFICER QUICK, SERGEANT DAVIS, and SERGEANT SMITH are, and were at all times relevant hereto, employed by Lake County, and were assigned as correctional staff members at the Lake County Jail.

5.  Upon information and belief, Defendant ROXANNE DOE, whose last name is unknown, is, and was at all times relevant hereto, employed by Lake County, and was in charge of the Social Work Department at the Lake County Jail.

6.  Upon information and belief, Defendant JOHN DOE, whose name is unknown, is, and was at all times relevant hereto, employed by Lake County and was assigned as a correctional staff member at the Lake County Jail.

7.  At all times relevant hereto the actions of each of the Defendants toward Plaintiff as noted herein were performed under color of Illinois statute, ordinance, law, custom and/ or usage.

8.  Plaintiff brings suit herein against each and every Defendant in their official capacity.

**Facts Common to All Counts**

9. Plaintiff was previously arrested on September 9, 1995 for attempting to solicit a murder for hire, an arrest with respect to which Plaintiff was eventually convicted of attempted murder, and for which she eventually served prison time before being released.

10. Pursuant to her arrest in 1995, Plaintiff was for a time incarcerated in the Lake County Jail.

11. During her incarceration in the Lake County Jail subsequent to her arrest in 1995, Plaintiff claimed that certain employees of the Lake County Jail, including LIEUTENANT WARD who is named as a Defendant herein, wrongfully failed to provide her with medical care; wrongfully failed to provide her with visitation rights; wrongfully interfered with her mail; wrongfully imposed upon her the cruel and unusual condition of solitary confinement; wrongfully denied her the right to counsel; and wrongfully interfered with her freedom of religion.

12. As a result of the alleged wrongful acts of the Lake County Jail employees during her incarceration after her 1995 arrest, Plaintiff thereafter filed a civil rights lawsuit in the United States District Court for the Northern District of Illinois against those Lake County Jail employees, including LIEUTENANT WARD, entitled Bridget Cesario v. Larry Lesza, et al., Case No. 98 C 1327. That lawsuit was ultimately dismissed pursuant to an agreed upon settlement reached by the parties thereto.

13. On or about August 30, 2007, Plaintiff was again arrested and was later charged with theft by trickery, forgery and unlawful use of a credit card.

14. Pursuant to her arrest in August of 2007, Plaintiff was again incarcerated at the Lake County Jail where all of the Defendants herein were then employed.

15. Shortly after Plaintiff arrived at the Lake County Jail in August of 2007, Defendant LIEUTENANT WARD communicated to her that he intended to get back at her for the lawsuit she previously filed against him and others relating to her prior incarceration at the Lake County Jail.

16. As of the time Plaintiff arrived at the Lake County Jail in August of 2007, she was suffering from various medical conditions, some of which related to a miscarriage that Plaintiff had had in July of 2007. Specifically, Plaintiff was then having, or had recently had, the following: abnormally high hormone levels; chest pains; an infected uterus; and a cyst on her ovary.

17. Shortly after being brought to the Lake County Jail, Plaintiff required medical care and treatment for each of the foregoing medical conditions, and requested that such medical care be provided to her.

18. Some or all of the Defendants, however, denied Plaintiff timely medical treatment for the foregoing medical conditions.

19. Further, as a consequence of having recently had the miscarriage, Plaintiff required a medical procedure known as a DNC.

20. Despite Plaintiff's need for the DNC procedure, some or all of the Defendants denied her that procedure as well. Nonetheless, upon information and belief, certain Defendants falsely recorded in Plaintiff's medical records that she had indeed been sent to undergo the DNC procedure.

21. Moreover, while incarcerated at the Lake County Jail in 2007, Plaintiff experienced an anxiety attack for which she required psychiatric care. However, such care was denied her for approximately seven days by Defendant ROXANNE DOE. Not until

4

approximately one week after Plaintiff's need for psychiatric care arose were arrangements made by someone other than Defendant ROXANNE DOE for Plaintiff to see a psychiatrist.

22. Additionally, at the time Plaintiff was brought to the Lake County Jail in 2007, Plaintiff had with her medication that had previously been prescribed for her by a physician.

23. Upon Plaintiff's arrival at the Lake County Jail, the Defendants took Plaintiff's prescription medicine away from her, advising her that a new prescription would be written for her by the Lake County Jail Medical Department.

24. However, for no apparent reason, some or all of the Defendants denied Plaintiff the new prescription for an unreasonable period of time.

25. Subsequently, Plaintiff filed a grievance at the Lake County Jail to get the prescription medication.

26. After an unreasonable delay of approximately ten days during which Plaintiff was denied the medication, she finally received a new prescription for it.

27. Upon information and belief, Defendant LIEUTENANT WARD wrongly directed Lake County Jail personnel, including some or all of the Defendants herein, that Plaintiff was to be placed in "lock down" as often as possible.

28. Lock down is a punitive procedure at the Lake County Jail whereby upon certain rule infractions by an inmate, the inmate is put in a cell by themselves, and is generally not allowed out of the cell for any reason, except for one hour per day. The condition of lock down differs from that afforded other inmates not on lock down who are permitted to leave their cells throughout the day, to walk around the day room, and to interact with other inmates.

29. Upon information and belief, pursuant to the direction of Defendant LIEUTENANT WARD, some or all of the Defendants herein improperly classified Plaintiff on as

many as 8 to 10 occasions as requiring placement in lock down.

30. As the basis for placing Plaintiff in lock down at various times, some or all of the Defendants distorted the circumstances of incidents to misleadingly indicate that such warranted Plaintiff being placed in lock down. For example, on one occasion Plaintiff's simple nervous act of biting her fingernails was wrongly described, and was defined, as an occurrence that necessitated the placement of Plaintiff on suicide watch in lock down.

31. The length of time in which Plaintiff was wrongly kept in lock down varied and ranged from approximately one day on one or more occasions, to a period that lasted from November 22, 2007 to January 10, 2008 on another occasion.

32. Still further, at certain times when Plaintiff was not kept in lockdown, she was housed in an area of the Lake County Jail which presented her with an unreasonable danger of assault by other inmates who had previously threatened Plaintiff due to her having informed on them to Lake County Jail personnel regarding their sale of prescription drugs to other inmates.

33. Plaintiff advised Lake County Jail personnel, including some or all of the Defendants, that they were placing her at risk by housing her with the inmates who threatened her. However, for a period of time some or all of the Defendants refused to house Plaintiff in protective custody. Moreover, they refused to move the inmates who were threatening Plaintiff to another area of the Jail, an option which the Defendants had available to them.

34. To the extent that she could, Plaintiff pursued grievances for all incidents of wrongdoing by the Defendants set forth herein. However, Plaintiff was at times advised by the Defendants that she was on grievance restriction meaning she could not pursue any more grievances. She therefore was prevented in those instances from pursuing grievance procedures.

35. Plaintiff has thus exhausted all available administrative remedies.

36. Upon information and belief, all matters referred to herein relating to the denial of medical and psychiatric treatment for Plaintiff, to Plaintiff having been wrongfully placed in lock down, and to Plaintiff having been wrongfully housed with inmates who were threatening her, were brought to the attention of Defendant CHIEF OF CORRECTIONS JENNIFER WITHERSPOON, and were approved by her.

## COUNT – I –FAILURE TO PROVIDE MEIDCAL CARE

1-36. Plaintiff incorporates by reference Paragraphs 1 through 36 as though fully stated herein.

37. By means of their deliberate indifference to Plaintiff's medical and psychiatric needs, and with knowledge of the impending harm to her health and well-being if such needs were left unattended, the Defendants deprived Plaintiff of her civil rights as protected by 42 U.S.C. Section 1983, and endangered Plaintiff's health and well-being.

38. As a direct and proximate result of the unlawful denial of necessary medical and psychiatric care, Plaintiff suffered personal injuries, pain and suffering, severe emotional distress, humiliation, and mental anguish.

39. Further, because the Defendants' actions directed against Plaintiff were done recklessly, oppressively, willfully and wantonly, punitive damages should be assessed against the Defendants in an amount to be determined at trial.

WHEREFORE, Plaintiff, BRIDGET MECHETNER – CESARIO, requests that judgment be entered against Defendants, CHIEF OF CORRECTIONS JENNIFER WITHERSPOON, LIEUTENANT WARD, OFFICER JENNIFER BUCKINGHAM, OFFICER STOVALL, OFFICER KARAWITZ, LIEUTENANT MARCADO, OFFICER MITCHELL, OFFICER QUICK, SERGEANT DAVIS, SERGEANT SMITH, and ROXANNE DOE as follows:

    A.      For compensatory damages in an amount to be determined at trial;

    B.      For punitive damages in an amount to be determined at trial;

    C.      For costs and attorneys' fees pursuant to 42 U.S.C. Section 1988; and

    D.      For such other relief as this court may deem just and reasonable.

## **COUNT – II –CRUEL AND UNUSUAL CONDITIONS OF CONFINEMENT**

1-36.    Plaintiff incorporates by reference Paragraphs 1 through 36 as though fully stated herein.

37.    By means of their deliberate and wrongful imposition of conditions of lock down upon Plaintiff, the Defendants deprived Plaintiff of her civil rights as protected by 42 U.S.C. Section 1983, and endangered Plaintiff's health and well-being.

38.    By means of their deliberate and wrongful housing of Plaintiff with other inmates who were threatening her and thereby posing a risk to Plaintiff, the Defendants deprived Plaintiff of her civil rights as protected by 42 U.S.C. Section 1983, and endangered Plaintiff's health and well-being.

39.    As a direct and proximate result of the unlawful and wrongful imposition of conditions of lock down upon Plaintiff, and as a result of the unlawful and wrongful housing of Plaintiff with inmates who posed a threat to her, Plaintiff suffered severe emotional distress, humiliation, and mental anguish.

40.    Further, because the Defendants' actions directed against Plaintiff were done recklessly, oppressively, willfully and wantonly, punitive damages should be assessed against the Defendants in an amount to be determined at trial.

WHEREFORE, Plaintiff, BRIDGET MECHETNER – CESARIO, requests that judgment be entered against Defendants, CHIEF OF CORRECTIONS JENNIFER WITHERSPOON, LIEUTENANT WARD, OFFICER JENNIFER BUCKINGHAM, OFFICER STOVALL, OFFICER KARAWITZ, LIEUTENANT MARCADO, OFFICER MITCHELL, OFFICER QUICK, SERGEANT DAVIS, SERGEANT SMITH, and JOHN DOE as follows:

    A.    For compensatory damages in an amount to be determined at trial;

    B.    For punitive damages in an amount to be determined at trial;

    C.    For costs and attorneys' fees pursuant to 42 U.S.C. Section 1988; and

    D.    For such other relief as this court may deem just and reasonable.

Plaintiff, BRIDGET MECHETNER – CESARIO, hereby requests trial by jury.

                              **BRIDGET MECHETNER – CESARIO**

                              By: s/: Patrick J. Cullinan
                                    Her Attorney

Patrick J. Cullinan
**BELGRADE AND O'DONNELL, P.C.**
20 North Wacker Drive, Suite 1900
Chicago, Illinois 60606
(312) 422-1700

### CERTIFICATE OF FILING

Patrick J. Cullinan, Attorney for Plaintiff, certifies that this Amended Complaint and Jury Demand was filed electronically this 7th day of March 2008 via the CM/ECF filing system.

                                      s/: Patrick J. Cullinan